UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERIC C. JIMINEZ AND ROXANNE JIMINEZ<br>*Plaintiffs,*<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CAUSE NO. **5:20-cv-00006** |

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3), and would respectfully show the Court as follows:

**I.**
**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

1. This Court has subject matter jurisdiction of this suit based on 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3) because the amount in controversy exceeds $75,000, exclusive of interest and costs and the parties are diverse.

**II.**
**BACKGROUND**

2. On November 1, 2019, Plaintiffs Eric C. Jiminez and Roxanne Jiminez (hereinafter collectively referred to as "Plaintiffs") filed their Original Petition in the 166th Judicial District Court of Bexar County, Texas, Cause Number 2019CI22809, styled *Eric C. Jiminez and Roxanne Jiminez v. Allstate Vehicle and Property Insurance Company*. See Exhibit A (Plaintiffs' Original Petition); *see also* Exhibit B (proof of service of process).

3. Plaintiffs' lawsuit against Allstate arises from property damage to Plaintiffs' home. *See* Exhibit A at ¶ 10.

4. Plaintiffs served Allstate with Plaintiffs' Original Petition and process on December 13, 2019. *See* Exhibit B.

5. As against Allstate, Plaintiffs assert causes of action for breach of contract, unfair settlement practices, misrepresentations of insurance policy violations, prompt payment of claims violations, breach of duty of good faith and fair dealing/bad faith, and other violations of the Texas Insurance Code. *See* Exhibit A, at ¶¶ 19-48.

6. The State Court's Record Search including Case History for this matter is attached hereto. *See* Exhibit C.

## III.
### ARGUMENTS AND AUTHORITIES

### A. Diversity in Citizenship

#### i. *Plaintiffs' Citizenship*

7. Plaintiffs are natural persons who reside in Bexar County, Texas. *See* Exhibit A, ¶ 2. Plaintiffs have not pled any other facts of residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Allstate asserts that absent the same, Plaintiffs' citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

#### ii. *Allstate's Citizenship*

8. Citizenship of an unincorporated association is determined by the citizenship of its members. See U.S.C. § 1332(a). Defendant, Allstate is a foreign corporation incorporated under the laws of the state of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062, and is therefore a citizen of Illinois.

The underwriters are residents and citizens of the State of Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois.

### B. Amount in Controversy

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. First, while the Plaintiffs' plead that they "are seeking only monetary relief of $75,000", this pleading is not in conformity with Rule 47(c), Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 47(c) (note that lowest amount under Rule 47(c)(1) that may be pled is "only monetary relief of $100,000 or less). Federal courts that have examined this have noted that such a pleading is evidence of a bad faith attempt to avoid removal. *See Jiminez v. State Farm Lloyds*, 2015 WL 13188304 (noting that the failure to comply with Rule 47(c) "informs that Court that instead of pleading a legitimate estimation of damages . . . Plaintiffs are attempting to avoid federal jurisdiction), *citing*, *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1410 (5th Cir. 1995). Note also that there is no binding stipulation, filed along with the petition, that affirms that Plaintiffs will neither seek nor accept from Defendant any damages, recovery or award that exceeds the jurisdictional threshold. *See De Aguilar v. Boeing Co*., 47 F.3d at 1412.

11.     Second, Plaintiffs' Original Petition suggests that Allstate underpaid claims and has pled causes of action for Breach of Contract and violations of Texas Insurance Codes §§ 541.060 et seq. at ¶¶ 19-48.  Plaintiffs' demand, sent to Defendant on June 4, 2019, set actual damages at $17,431.74. Thus Plaintiffs, if successful on their claims, may be able recover reasonable attorney's fees for Breach of Contract and treble damages for the insurance code violations under Texas Insurance Code § 541.152(b).  Treble damages would amount to $52,295.22; however, this does not account for attorney's fees, mental anguish damages, statutory penalties, or punitive damages, all for which Plaintiffs plead.  *See Huerta v. Allstate Texas Lloyds*, No. 5-18-CV-996 DAE (Ezra, J.) (holding demand of $18,631.32 sufficient, when considering attorney's fees, mental anguish, and punitive damages recoverable, to demonstrate amount in excess of jurisdictional limit).

12.     If Plaintiffs were to recover treble damages under the Texas Insurance Code and the jury finds that Plaintiffs are indeed owed for contractual damages, then the jury could award the Plaintiffs a sum that, inclusive of attorneys' fees would likely easily exceed $75,000 -- and that is without accounting for exemplary damages should Plaintiffs decide to seek such damages. *See Jiminez v. State Farm Lloyds*, 2015 WL 13188304 (holding that pleading in amount of $22,000, met amount in controversy threshold when considering additional damages sought).

### III.
### REMOVAL IS PROCEDURALLY PROPER

13.     This notice of removal is timely filed within thirty (30) after receipt of Plaintiffs' Original Petition pursuant to 28 U.S.C. § 1446(b)(1).

14.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

15. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

16. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Guadalupe County District Court.

## IV.
### INDEX OF MATTERS FILED

17. Pursuant to 20 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with this notice of removal the following attachments, which are incorporated herein by reference:

- Civil Cover Sheet
- Exhibit A: Plaintiffs' Original Petition
- Exhibit B: Executed process to Allstate
- Exhibit C: State Court Record Search
- Exhibit D: True and correct copy of Plaintiffs' demand letter

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**By:** */s/Robert E. Valdez*
**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com
Michael M. Novak
State Bar No. 24092905
S.D. Tex. Bar No. 3084746
mnovak@valdeztrevino.com
**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this 6th day of January, 2020.

THE LANE LAW FIRM, PLLC
Robert C. Lane
SBN: 24046263
notifications@lanelaw.com
Stephanie L. Vera
State Bar No. 24096155
Stephanie.vera@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
*Counsel for Plaintiffs*

*/s/Michael M. Novak*
**Michael M. Novak**